## FELLOWS & CO. *v.* H. FRELSON & CO.

Where cotton had been consigned to the plaintiffs by the shipper, and the clerk of the boat by mistake, filled up a bill of lading to the defendants, who received and sold the cotton, notwithstanding the claim of the plaintiffs and the correction of the mistake by the clerk

FELLOWS
v.
FRELSON.

of the boat soon after the delivery, the defendants will be held liable for the advances made by the plaintiffs and the commissions received for the sale of the cotton; and in such case the consignor is a competent witness for the plaintiff.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Mott* and *Fraser*, for plaintiffs. *Durant* and *Hornor*, for defendants. The judgment of the court was pronounced by

PRESTON, J. The evidence, in this case, does not leave the least doubt that about the last of January, 1850, *Thomas Evans*, residing on Bayou Mason, shipped on board the Ann Lancaster, *Captain Reeding*, thirty bales of cotton, consigned to the plaintiffs, commission merchants in New Orleans, and took a bill of lading to that effect. On the arrival of the boat in this city, the defendants caused the cotton to be sequestered as being consigned to them; and the master consented that it should be delivered to them by the sheriff, on condition that they would hold him harmless. They took possession of the cotton and sold it. Their reason for doing so was, that a bill of lading was filled by the clerk or master of the boat, making them consignees of the cotton and delivered to them the day she arrived. The master, however, immediately got possession of the bill of lading, corrected and delivered it to the true consignees, and testifies that it was filled up by error in favor of the defendants, and the mistake made known that very day. The defendants refused to deliver up the cotton. The plaintiffs immediately sequestered, and defendants bonded it, and retained possession and sold it, as commission merchants, about two weeks afterward, and rendered the account of sales to *Evans*.

The latter, in consigning the cotton to the plaintiffs, accompanied it by a letter of advice and order for a bill of supplies for his plantation, by the return of the boat. He also drew some small drafts on the consignees. The supplies were furnished and the drafts paid, and some money advanced on the faith of the shipment; and the plaintiffs were entitled to be paid out of the proceeds of the cotton, and also to receive the commissions for the sale of the same, of which defendants deprived them without any reasonable pretext.

It is unnecessary to examine the regularity of the plaintiffs' proceedings to sequester the cotton, because the defendants bonded it, and a personal judgment is rendered against them; nor is it worth inquiring whether the plaintiffs had a lien or not on the cotton. They would have been paid their claim and earned the commissions, but for the unwarrantable interference of the defendants.

The testimony of *Evans* was properly admitted in evidence. He was disinterested between the parties. If the defendants are compelled to pay the proceeds of the cotton to the plaintiffs, they will be exonerated from payment to the witness.

A bill of exceptions was taken to his testimony contradicting the bill of lading delivered to the defendants. He did not contradict, but sustained it, as it was exhibited in court. By whom it was offered, does not appear by the record, but we suppose by the defendants; if so, he might contradict it. It was not his act, nor was he bound by it, nor his consignees to whom he had transmitted the true bill of lading.

Judgment was properly rendered in favor of the plaintiffs against the defendants for the advances and commissions, of which they have been deprived by the acts of the defendants; and it is affirmed, with costs.